## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **N.B.** | : |
| **Plaintiff** | : |
| | : |
| **VS.** | : C.A. No. |
| | : **JURY TRIAL DEMANDED** |
| **TOWN OF MIDDLETOWN, by and through its** | : |
| **Treasurer, Marc Tanguay;** | : |
| **CHRISTOPHER ROSA, individually and in his capacity** | : |
| **as police officer, Town of Middletown, and** | : |
| **TIMOTHY BECK, individually and in his capacity** | : |
| **as police officer, Town of Middletown,** | : |
| **Defendants** | : |

## COMPLAINT

## JURISDICTION

1.      This is a Complaint brought pursuant to 42 U.S.C § 1983, and 28 U.S.C. § 2202, the

Uniform Declaratory Judgment Act, as well as the Rhode Island invasion of privacy statutes, R.I. Gen.

Laws § 9-1-28.1, and common law negligence.  This Court has subject matter jurisdiction pursuant to 28

U.S.C.A. § § 1331 and 1367.

## PARTIES

2.      Plaintiff N.B. is a citizen of the State of Rhode Island.

3.      Defendant, Town of Middletown ("Town"), is a municipal corporation duly organized

under the laws of the State of Rhode Island, and is sued through its Treasurer, Marc Tanguay.

4.      Defendants, Christopher Rosa and Timothy Beck, were at all times relevant to this

Complained employed as police officers in the Town of Middletown

## GENERAL ALLEGATIONS

5.      In May, 2023, N.B. applied for a position as a Labor Equipment Operator in the Town's

Public Works Department.

6.     N.B. was born in 1992.

7.     At the time of his application, N.B. was employed at a casino in the State of Rhode Island, and as a result had already passed a background check with fingerprinting.

8.     On June 7, 2023, N.B. received a written offer of the Labor Equipment Operator position, conditioned on his passing a background check and pre-employment physical.

9.     The Labor Equipment Operator position is a classified position in the civil service of the Town of Middletown.

10.     Because N.B. had already passed a background check with fingerprinting for his position at the casino, he did not anticipate issues with passing the background check for the Labor Equipment Operator position, and therefore gave the casino notice of his resignation.

11.     Shortly after receiving the June 7, 2023 correspondence, N.B. was summoned to a meeting with Defendant Rosa at the Middletown Police Station, in the interrogation room, for questioning about his background.

12.     R.I. Gen. Laws § 14-1-40 provides, in pertinent part:

    **(a)** No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily resulting from a conviction, nor shall any child be deemed a criminal by reason of that adjudication, nor shall that adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in this chapter. The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court, nor shall that disposition or evidence operate to disqualify a child in any future civil service application, examination, or appointment.

13.     R.I. Gen. Laws § 14-1-64 provides, in pertinent part:

    **(a)** All police records relating to the arrest, detention, apprehension, and disposition of any juveniles shall be kept in files separate and apart from the arrest records of adults and shall be withheld from public inspection, but the police report relating to the arrest or detention of a juvenile shall be open to inspection and copying upon request and upon payment of

copying costs in accordance with § 38-2-4 by the parent, guardian, or attorney of the juvenile involved. After disposition of an offense and upon execution of an appropriate release and upon payment of copying costs in accordance with § 38-2-4 by the parent, guardian or attorney of the juvenile involved, records relating to the arrest, detention, apprehension and disposition of the juveniles shall be open to inspection and copying by the parent, guardian, or attorney of the juvenile involved.

14.    R.I. Gen. Laws § 14-1-6.1 provides, in pertinent part:

**(a)** In any case where a court shall have obtained jurisdiction of a juvenile having attained the age of seventeen (17) years pursuant to 2007 P.L. 73, Article 22, section 1:

**(i)** All police records relating to the arrest, detention, apprehension and disposition of the juvenile and all records of identification maintained pursuant to chapter 12-1 of the general laws shall be treated as family court records in accordance with §§ 14-1-64 and 38-2-2 of the general laws; provided, however, that no person and no department, agency or any other instrumentality of the state or of any subdivision thereof shall be held liable or otherwise legally accountable for having disclosed or disseminated any such records in reasonable reliance upon the law in effect between July 1, 2007, and the effective date of this act [November 8, 2007]; and provided further that nothing in this section shall be deemed to prohibit the use of witness statements and other police records in the course of judicial proceedings initiated prior to the effective date of this act;

15.    The above-cited statutes represent a strong public policy of confidentiality of juvenile records in Rhode Island, in order to "afford juveniles the opportunity to enter adulthood free of the stigmatization that follows criminal offenders." Matter of Falstaff Brewing Corp., 637 A.2d 1047, 1051-52 (R.I. 1994).

16.    Several days later, N.B. was informed that he would not be getting the Labor Equipment Operator position because of an unregistered vehicle from ten years ago.

17.    N.B. had difficulty understanding why he was disqualified from the Labor Equipment Operator position, because he had passed background checks for his casino position, and had never an unregistered vehicle.

18.    N.B. had a meeting with Marc Tanguay.

19.    Tanguay provided N.B. with the documents that had been considered by the Town of Middletown when determining whether to deny him the position, which included his juvenile record.

20.    The Town of Middletown considered N.B.'s juvenile record when determining whether to deny N.B. the Labor Equipment Operator position, and that juvenile record was the real reason for N.B.'s being denied the Labor Equipment Operator position.

21.    In April, 2024, N.B. submitted an Access to Public Records request pursuant to R.I. Gen. Laws § 38-2-1 *et seq.*, asking for all of the records released to the Department of Public Works by Detective Rosa.

22.    N.B. was asked to come to another meeting at the Middletown Police Station.

23.    N.B. attended the meeting at the Middletown Police Station with his stepfather.

24.    During that meeting, Defendant Beck demanded to know why N.B. wanted the information that had been considered in connection with his application.

25.    N.B. protested against the release of his juvenile record and its use in decisions regarding his employment.

26.    Defendant Rosa insisted that he had done nothing wrong with respect to accessing and using N.B.'s juvenile record.

27.    Defendant Rosa insisted that he had a right to access and consider N.B.'s juvenile record.

28.    Defendant Rosa further threatened N.B., stating that if N.B. made Defendant Rosa appear to be a "bad cop" and say things that were "not true," he would arrest N.B.

29.    Defendant Rosa knew his threat to arrest N.B. violated N.B.'s Constitutional rights.

30.    Defendant Beck did nothing while Defendant Rosa threatened N.B., thus ratifying Defendant Rosa's conduct.

31.    As a result of Defendant Rosa's threat, and Defendant Beck's ratification, N.B. suffered extreme emotional distress and was intimidated from pressing his inquiries further.

32.    N.B. had an additional background check performed in April, 2024, which showed no

4

criminal record.

33.　　N.B. was unable to regain his position at the casino, but could only get one a day in part-time work there.

34.　　N.B. retained legal counsel, who by letter dated May 17, 2024 reached out to the Town Solicitor Peter B. Regan, seeking redress not only for the improper access and use of N.B.'s juvenile record, but also for threats of wrongful arrest.

35.　　N.B.'s legal counsel has received no substantive response to the communication of May 17, 2024.

### COUNT I –
### 42 U.S.C. § 1983 (First Amendment)

36.　　Plaintiff re-alleges those averments contained in the Paragraphs above as if fully re-stated herein.

37.　　The First Amendment of the United States Constitution guarantees the right to petition for redress of grievances and free speech.

38.　　Plaintiff N.B. attempted to exercise his right to petition for redress of his grievances regarding the improper access of his juvenile record for employment purposes.

39.　　Plaintiff N.B. attempted to exercise his right to free speech by criticizing the conduct of Defendant Rosa with respect his accessing his juvenile record.

40.　　Defendant Town of Middletown and Defendants Rosa and Beck, acting under the color of state law, unlawfully retaliated against Plaintiff N.B. for having exercised his right to petition for redress of grievances.

41.　　The Defendant Town of Middletown failed to discipline Defendants Defendant Rosa and Beck regarding their actions against N.B. thus ratifying their violation of Plaintiff's constitutional rights and acting with deliberate indifference towards the Plaintiff's constitutional rights.

42.     As a result of a conscious policy, practice, custom or usage, the Defendant Town has permitted and allowed for harassment and retaliation based upon exercise of First Amendment rights.

43.     As a direct result of the actions of Defendants, Plaintiff has suffered and will continue to suffer financial harm, emotional distress, personal inconvenience, worry, loss of enjoyment of life, and other non-pecuniary losses.

44.     Said actions of Defendants were done with conscious regard for the legal rights of Plaintiff.

45.     Said actions of Defendants were wicked, wanton, and for the good of society must be punished.

WHEREFORE, Plaintiff N.B. demands judgment against Defendants, including but not limited to injunctive relief, compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT II –
## VIOLATION OF CONFIDENTIALITY IN JUVENILE RECORDS

46.     Plaintiff realleges those allegations contained in Paragraphs above as if fully restated herein.

47.     The State of Rhode Island protects the confidentiality of juvenile records, and prohibits their release for employment purposes.

48.     Defendants Town of Middletown and Rosa violated N.B.'s right to privacy in his juvenile records by accessing them for employment purposes.

49.     As a direct and proximate result of Defendants Town of Middletown and Rosa's wrongful actions complained of herein, N.B. has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendants Town of Middletown and Rosa, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT III –
INVASION OF PRIVACY (PUBLICITY OF PRIVATE FACT)**

50. Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

51. Defendants Town of Middletown and Rosa published the private fact of N.B.'s juvenile record.

52. Said publication would be offensive and objectionable to the reasonable person of ordinary sensibilities.

53. As a direct and proximate result of Defendants' wrongful actions complained of herein, N.B. has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendants Town of Middletown and Rosa, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT IV – NEGLIGENCE**

54.    Plaintiff realleges those allegations contained in the Paragraphs above as if fully restated therein.

55.    Defendant Town of Middletown had a duty to maintain its juvenile records so as to preserve their confidentiality.

56.    Defendant Town of Middletown had a duty to train and supervise police officers regarding appropriate access and use of juvenile records.

57.    Defendant Town of Middletown failed in its duty to maintain juvenile records so as to preserve their confidentiality.

58.    Defendant Town of Middletown failed to train and supervise its police officers regarding appropriate access and use of juvenile records.

59. As a direct and proximate result of Defendants' wrongful actions complained of herein, N.B. has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant Town of Middletown, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT V -- DECLARATORY RELIEF

60. The Plaintiff repeats and realleges the allegations of above paragraphs fully set forth herein.

61. This Count is brought pursuant to 28 U.S.C. § 2202, "The Uniform Declaratory Judgment Act."

62. The Town of Middletown's use of Plaintiff's juvenile record to disqualify him from a classified civil service position was in violation of R.I. Gen. Laws § 14-1-40, which expressly prohibits such disqualification.

63.    WHEREFORE, the plaintiffs request that this Honorable Court:

(a)  Declare that Plaintiff is not disqualified from the position of Labor Equipment Operator or any other civil service position in the Town of Middletown due to his juvenile record.

## COUNT VI – INJUNCTIVE RELIEF

64. The Plaintiff repeats and realleges the allegations of above paragraphs fully set forth herein.

65. The Town of Middletown has used Plaintiff's juvenile record to disqualify him from a classified civil service position, in violation of R.I. Gen. Laws § 14-1-40, which expressly prohibits such disqualification.

66. Plaintiff will suffer immediate and irreparable harm, for which there is no adequate legal remedy, if the Town of Middletown is not prevented from disqualifying Plaintiff from a classified civil service position due to his juvenile record.

67. The balance of the equities favors the Plaintiff.

WHEREFORE, the plaintiffs request that this Honorable Court issue and order restraining and enjoining the Town of Middletown from disqualifying Plaintiff from a civil service position based upon his juvenile record.


Plaintiff,
By his attorney,


/s/ Vicki J. Bejma
Vicki    J.    Bejma    #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com

9