UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **N.B.**<br>    **Plaintiff** | :<br>:<br>: |
| VS. | : C.A. No. 1:24-cv-00457<br>:<br>: JURY TRIAL DEMANDED |
| **TOWN OF MIDDLETOWN, by and through its Treasurer, Marc Tanguay;**<br>**CHRISTOPHER ROSA, individually and in his capacity as police officer, Town of Middletown, and**<br>**TIMOTHY BECK, individually and in his capacity as police officer, Town of Middletown,**<br>    **Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

Now comes the Plaintiff N.B., and moves for leave to proceed with this action anonymously. In support of his Motion, Plaintiff avers as follows:

1. Plaintiff has brought this action in part to vindicate his rights to confidentiality in his juvenile record.

2. R.I. Gen. Laws § 14-1-40 provides, in pertinent part:

    **(a)** No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily resulting from a conviction, nor shall any child be deemed a criminal by reason of that adjudication, nor shall that adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in this chapter. The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court, nor shall that disposition or evidence operate to disqualify a child in any future civil service application, examination, or appointment.

3. R.I. Gen. Laws § 14-1-64 provides, in pertinent part:

    **(a)** All police records relating to the arrest, detention, apprehension, and disposition of any juveniles shall be kept in files separate and apart from the arrest records of adults and shall be withheld from public inspection, but the police report relating to the arrest or detention

1

of a juvenile shall be open to inspection and copying upon request and upon payment of copying costs in accordance with § 38-2-4 by the parent, guardian, or attorney of the juvenile involved. After disposition of an offense and upon execution of an appropriate release and upon payment of copying costs in accordance with § 38-2-4 by the parent, guardian or attorney of the juvenile involved, records relating to the arrest, detention, apprehension and disposition of the juveniles shall be open to inspection and copying by the parent, guardian, or attorney of the juvenile involved.

4. R.I. Gen. Laws § 14-1-6.1 provides, in pertinent part:

**(a)** In any case where a court shall have obtained jurisdiction of a juvenile having attained the age of seventeen (17) years pursuant to 2007 P.L. 73, Article 22, section 1:

**(i)** All police records relating to the arrest, detention, apprehension and disposition of the juvenile and all records of identification maintained pursuant to chapter 12-1 of the general laws shall be treated as family court records in accordance with §§ 14-1-64 and 38-2-2 of the general laws; provided, however, that no person and no department, agency or any other instrumentality of the state or of any subdivision thereof shall be held liable or otherwise legally accountable for having disclosed or disseminated any such records in reasonable reliance upon the law in effect between July 1, 2007, and the effective date of this act [November 8, 2007]; and provided further that nothing in this section shall be deemed to prohibit the use of witness statements and other police records in the course of judicial proceedings initiated prior to the effective date of this act;

5. The above-cited statutes represent a strong public policy of confidentiality of juvenile records in Rhode Island, in order to "afford juveniles the opportunity to enter adulthood free of the stigmatization that follows criminal offenders." Matter of Falstaff Brewing Corp., 637 A.2d 1047, 1051-52 (R.I. 1994).

6. Although N.B. has a juvenile record, he is now an adult, fully rehabilitated, and gainfully employed in a casino.

7. In order to obtain that casino employment, N.B. was required to pass a background check.

8. The gravamen of N.B.'s action is that the Town of Middletown wrongfully used and disclosed N.B.'s juvenile record in connection with his application for employment in the Town of Middletown, and/or disqualified him from said employment because of that juvenile record, and then threatened him with arrest when he protested.

9. If N.B. were required to disclose his identity in the public record, it would have the effect of revealing his juvenile record, and thus defeat the purpose of the statutory protection afforded in juvenile records.

WHEREFORE, Plaintiff seeks leave of this Court to proceed anonymously.

        Plaintiff,
        By his attorney,

        /s/ Vicki J. Bejma
        Vicki   J.   Bejma   #6498
        Robinson & Clapham
        123 Dyer Street, Suite 135
        Providence, RI 02903
        (401) 331-6565
        (fax) 331-7888
        vbejma@smrobinsonlaw.com